**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY ST. CLAIR,** | ) | **CASE NO. 5:09CV2736** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

Plaintiff Kimberly St. Clair ("St. Clair"), through counsel Dianne R. Newman ("Newman"), filed a timely application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 22.) The Commissioner of Social Security ("Commissioner") filed a response requesting the Court to deny St. Clair's motion as the Commissioner's position was substantially justified. (Doc. No. 23.) St. Clair replied. (Doc. No. 24.) The parties consented to the jurisdiction of the undersigned Magistrate Judge for entry of final judgment in this case pursuant to 28 U.S.C. § 636(c)(1). (Doc. No. 10.) For the following reasons, St. Clair's motion for attorney fees is granted.

**I. Procedural History**

The instant action was filed on November 23, 2009. (Doc. No. 1.) On August 25, 2010, the Court vacated the decision of the Commissioner and remanded because the ALJ's decision rejecting the sitting limitations was not supported by substantial evidence. (Doc. No. 20.) St. Clair filed a timely motion for attorney fees pursuant to the EAJA in the amount of $4,126.04, representing 24.55 hours, payable directly to counsel.[1] The Commissioner opposes the request

---

[1] 2.25 hours were from 2009 at an hourly rate of $166.25. The other 22.3 hours were from 2010, at an hourly rate of $168.25. (Doc. Nos. 22-1 at 4, 22-2 at 1.)

and asserts that the government's position was substantially justified. (Doc. No. 23.) The Commissioner has not, however, challenged the amount of time claimed by counsel or the amount of fees requested. *Id.*

## II. Analysis

### A. Applicable Law

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (*quoting Scarborough v. Principi*, 504 U.S. 401 (2004)); *see also* 28 U.S.C. § 2412(d)(1)(A). It is undisputed that St. Clair is an eligible and prevailing party.

The "substantial justification standard" is essentially one of reasonableness. *Sullivan v. Hudson*, 490 U.S. 877, 884 (1989); *Pierce v. Underwood*, 487 U.S. 552, 562-565 (1989). The pertinent inquiry is whether the Commissioner's position in initially denying benefits and defending the denial in federal court had a reasonable basis in law and fact. *Pierce*, 487 U.S. 552, 565; *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999) (unpublished). The reversal of the Commissioner's decision, even on the basis of a lack of substantial evidence, fails to "raise the presumption that the Government's position was not substantially justified" for purposes of the EAJA. *Id.*; *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989).

The Sixth Circuit has ordered awards of attorneys' fees under the EAJA where the government's litigating position was inconsistent with established precedent. *See, e.g., Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir. 1997). In addition, "Social Security Rulings are binding on all components of the Social Security Administration. These rulings represent 'precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006) (*quoting* 20 C.F.R. § 402.35(b)(1)).

### B. Commissioner's Litigation Position

The Commissioner asserts that his position was substantially justified because the ALJ

2

simply failed to "sufficiently articulate his ultimate finding." (Doc. No. 23 at 3.) The Commissioner contends that articulation errors, if surrounded by an otherwise thorough analysis, do not justify recovery of attorney fees. *See Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 758 (N.D. Ohio 2008) (*citing Anderson*, 198 F.3d 244.) The Commissioner refers to the ALJ's RFC in which the ALJ found St. Clair could sit for six hours. (Doc. No. 23 at 2.) The Commissioner contends that the ALJ simply incorporated the state agency physicians' opinions to that effect. (Doc. No. 23 at 3.) As this Court concluded, however, the ALJ gave the opinions of the state reviewing physicians less weight finding subsequent evidence indicating greater overall exertional and postural limitations than they allowed. (Doc. No. 20 at 9.) The Court further found that the ALJ gave some weight to Dr. Ahmad's opinion that St. Clair was able to sit for three hours per day, but then, without explanation, added three hours to Dr. Ahmad's estimate, and concluded that St. Clair could sit for six. *Id.* The Court, therefore, ruled that the ALJ's decision to reject Dr. Ahmad's sitting limitation was not supported by substantial evidence. The Court finds that this mistake was more than an articulation error. In addition, the Court found that the ALJ may have interpreted the record without the opinion of a medical expert. (Doc. No. 20 at 12.) The Court, therefore, suggested that the ALJ, upon remand, consider using a medical expert to determine whether St. Clair met or equaled a Listing. *Id*.

Thus, the Court finds that St. Clair is entitled to attorney's fees under EAJA.

**C. Payment**

As noted above, the Commissioner has not challenged the amount of time expended by counsel as unreasonable or the amount of fees requested as excessive. As such, the Court finds no basis for altering the fee request submitted by St. Clair through counsel. The United States Supreme Court recently held that "[a] § 2412(d)(1)(A) attorney's fees award is payable to the litigant and is thereby subject to an offset to satisfy the litigant's pre-existing debt to the government."[2] *Astrue v. Ratliff*, 130 S.Ct. 2521, 177 L.Ed.2d 91, 96 (U.S. 2010); *see also*

---

[2]The Commissioner had not alleged that St. Clair has pre-existing debt owed or that it intends to seek to offset that debt.

3

*Winning v. Comm'r of Soc. Sec.*, 2010 WL 3222031, *5, Case No. 5:07cv3688 (N.D. Ohio Aug. 13, 2010). Based on *Ratliff*, any fee award should be payable to St. Clair, rather than her attorney.

The Sixth Circuit has also recently held that pursuant to the EAJA, attorney fees are to be awarded to the plaintiff who is the "prevailing party," not his counsel. *Bryant v. Comm'r of Soc. Security*, 578 F.3d 443, 446-449 (6th Cir. 2009); *Winning* at *5. In forming its opinion, the Sixth Circuit looked to the plain language of the EAJA, which provides in pertinent part: "[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by the party." *Id*. at 447.

St. Clair requested attorney fees in the amount of $4,126.04.[3] Based on *Ratliff* and *Bryant*, it is clear that attorney fees are to be made payable directly to plaintiff, and not plaintiff's counsel. Accordingly, this Court orders the award of attorney fees to be paid directly to St. Clair.

### III. Conclusion

St. Clair's application for attorney fees under the EAJA (Docket No. 22) is hereby granted. The Court awards $4,126.04 to St. Clair.

IT IS SO ORDERED.

                                                  s/ Greg White
                                                  United States Magistrate Judge

Date: October 18, 2010

---

[3] St. Clair presented no assignment of attorney fees.